I think we'll start with Harris v. City Cycle, 23-3116, Mr. Markway. May it please the Court. I'm Taylor Markway here on behalf of Appellate City Cycle Sales. This appeal raises the issue of whether a plaintiff can voluntarily abandon certain claims in state court, both at trial and on appeal, but then nevertheless resurrect those same abandoned claims simply by refiling them from federal court. And that is exactly what district court allowed Plaintiff Jeremy Harris to do here with respect to his claims brought under the Kansas Consumer Protection Act or KCPA. The district court erred in doing so under both the law of the case doctrine and claim preclusion. Did your client stipulate to dismissal without prejudice? Of the action in general, yes. And is that what led the district court did? No, I don't believe the district court relied on that stipulation. Now the stipulation just said this action is dismissed without prejudice, each party to bear their own cost. The COVID-19 tolling orders will apply. That's all it said. It said nothing about the KCPA claims or refiling them or anything like that. And so there is no dispute that Harris abandoned his KCPA claims in the Kansas State Court, both at trial and on appeal. He did not submit them to the jury at trial. He did not raise them on his subsequent appeal. Both Harris and the district court agree on this point. So then the question of whether the law of the case doctrine applies to bar Harris's KCPA claims depends on the answer to two questions. One, did his abandonment become part of the law of the case in the Kansas State Court? And two, if so, did the law of the case in the Kansas State Court carry over to Harris's subsequent federal court action? So again, the first question, did Harris's abandonment become part of the law of the case in Kansas? And indeed it did, because in Kansas, the abandonment of a claim, quote, constitutes a final judgment in the opposing party's favor, end quote. And that's what the Kansas Court of Appeals in the Garcia-Paz case, which sacked a couple of Kansas Supreme Court cases, Brett and Martin, that also hold that abandonment operates as a termination of the claim in favor of the Garcia-Paz. It's 2001 WL37132216. And it's a 2001 case in the Kansas Court of Appeals. So it's Garcia-Paz versus Galvin? So is your argument that functionally in Kansas, if I'm in a state court case, and as the case goes along, I abandon some theories, for lack of a better term, that there's like this self-executing judgment, even though there's not a final judgment ever entered in the case? Yes, that's correct. That's what Kansas law provides. There does not need to be an explicit judgment saying this is abandoned. It's otherwise. As a matter of operational law, there is a final judgment in the opponent's favor whenever you're abandoning the claim. Since you just gave a Westlaw site, is that precedential in Kansas? So it's not the Garcia-Paz case. Since it's unpublished, it's not considered precedent. It's considered persuasive. But under this court's opinion and Fransom v. Conocoene, decisions of a state's intermediate appellate courts are some evidence of how the state Supreme Court would decide the issue. And we can conserve them as such, even if they are not abiding precedent under state law. So this court can still consider Garcia-Paz, even though it was unpublished. Did it cite prior? Yes, it cited Kansas Supreme Court opinions, Bratton and Morton, which we also cite in our brief. And those are precedent. Is it in the same context where there's a second lawsuit? Garcia-Paz? Yes. In the first lawsuit, the party abandoned their claim voluntarily, just like here. And then they tried to bring it in a second lawsuit. And the trial court said, no, you can't do that. The term is withdrawn claim. Was it actively withdrawn? The trial court, we are dropping this claim, yes. So a small difference? Small difference, but that's not what the opinion hinged on, yes. And so because Harris abandoned his KCPA claims in state court, that meant there was a final judgment. And so he cited his favor on those KCPA claims. And that final judgment abandonment was never challenged on appeal. It certainly was never reversed on appeal. And so it became the law of the case. And so the second question is whether it's the law of the case of the Kansas state court action, including Harris's abandonment, carried over to his subsequent federal court action. And pursuant to this court's decision to engage versus General Motors, it certainly did, engage this court held that the law of the case of the state court action that's dismissed without prejudice applies equally to a subsequent federal court action involving the same parties and claims, which is the exact situation we have here. And telling the Harris in his brief does not even address Gage, let alone try to explain how it would not apply here. And so this court should answer both questions and the affirmative. Yes, Harris's abandonment became the law of the case in the Kansas state court action. And yes, that law of the case of Kansas state court action carried over to Harris's federal district court action. And thus Harris's KCPA claims, which were abandoned in state court, remain abandoned in federal court and are thus barred by the law of the case doctrine. And for this reason alone, CityCycle is entitled to judgment as a matter of law on Harris's KCPA claims. As an alternative to the law of the case doctrine, Harris's abandoned KCPA claims are also barred by claim preclusion. But before we leave that, that one, there's a small difference too, right, with Gage, which is that the court actually dismissed that claim for failure to state a claim. Yes. Isn't that a, that's not a small difference, that's a big one. But Gage answers the question of whether law of the case carries over. It's to a dismissed claim as opposed to one that just went into the ether. Well, for, that goes back to the first question as to whether abandonment becomes part of the law of the case in the first place. And on that question, we look to Kansas state law, which provides it is a final judgment in the opposing party's favor. Gage answers the second question. Does the law of the case from the state court actually carry over to the federal court action? So on, on claim preclusion, there are four elements requiring to apply claim preclusion, but only the last element, the existence of a final judgment on the merits is in dispute here. But again, as discussed with the law of the case doctrine, Kansas law treats abandonment of a claim as a final judgment in the opposing party's favor. And so by virtue of Harris's abandonment of his KCPA claims, city cycle did have an implicit final judgment in his favor on those abandoned claims. And so the last element of claim preclusion is satisfied here. You're saying that you need the final judgment for preclusion to apply. Right. And you're saying there can be a final judgment on part of the case, even though not on the rest of the case? Well, Kansas law says that. It says that abandonment, quote, constitutes a final judgment in the opposing party's favor. So I mean, Kansas law, I believe, answers this question of whether or not there is a final judgment based on his abandonment. And it says there is. And so for that additional reason. So, so you used the term an implicit final judgment. Do you have a case that's ever given a preclusive effect to an implicit final judgment? Yes. I mean, the Garcia-Paz case I've discussed. How about other than that one? Yeah. I mean, in Martin and Bratton, I don't believe there was an explicit, and those are the Kansas Supreme Court cases that are cited by Garcia-Paz and in our briefs. I don't believe there was an explicit judgment of abandonment. The reviewing court just said, you abandon these claims. That counts, that operates as termination of the opposing party's favor on these claims. Okay. And that's in the context of a case where the ultimate disposition was there was a dismissal without prejudice, presumably allowing the person to proceed again on any non-abandoned claims? No. So again, that would be more like the Garcia-Paz case. Okay. But it's, again, this is a question of Garcia-Paz is the most on-point authority we have. And according to this own course precedent, it can consider Garcia-Paz even though it's unpublished. So if you prevail on your KCPA claim, what is left on your appeal? Then the final point is causation. And that's your only challenge to the other claims is what you're saying? To the negligence claim, yes. So there's only KCPA negligence. Okay. Causation goes to both. For causation, Harris had the burden of proving the pinched wire that reportedly caused the motorcycle accident issue existed at the time the city cycle service of the motorcycle. Don't you think that's a reasonable inference the jury can make? If you're not challenging the finding that the pinched wire caused the accident. Right. You may disagree with that, but that finding is supported. And there was, and the pinched wire was not itself caused by the accident. So presumably it predated the accident. There's no reason to think it occurred between the time, there's no event that can show why that would have occurred between the time the motorcycle was looked at by your client. And in fact, there was some evidence that there was a problem with this system when it went to your client. Why is that not a reasonable inference? So under Kansas law, this is all circumstantial evidence, right? Under Kansas law, circumstantial evidence can't suffice if there's either an expert opinion supporting it or the circumstantial evidence tends to negate other reasonable causes, which in this case would be tends to negate as a matter of probability that the pinched wire did not occur in the 35 days between city cycle service and the accident. Well, on the expert opinion part, there was no expert opinion. There should have been, but the judge didn't allow it. Well, I think the district court was correct on that. I mean, the district court said, quote, there was no records and no evidence allowing McCracken to make his conclusion based on the circumstantial evidence that existed. But then he said, but you can't put on this evidence and so on and so forth, which amounted to essentially the same, although I'm not sure. Maybe you can answer that. The other evidence that the judge, the other questions the judge allowed to be asked of the expert were not asked of the expert or were they? We don't have a full record on that. There's no offer of proof that that's why you're asking. No, no. The judge said, you can't ask this question. That would be speculative for him to answer that. But you can ask these questions. Were those questions asked at trial? Yeah, the questions were, I believe, did the pinched wire cause the accident? And that was not allowed. No, no, no. That was allowed. The judge went through a litany of things he could ask that would, I think, naturally result in the conclusion that the pinched wire existed at the time the vehicle was serviced. So the only thing that he was not allowed to ask or that the expert was not allowed to answer was whether the pinched wire existed at the time the vehicle was serviced and whether the pinched wire caused the ABS light issues that predate city cycle service. He wasn't allowed to find on that either. Okay. But he did say you can ask certain questions and I couldn't tell, maybe it's there and I missed it, whether those other questions were asked. So I'm not going to, that's too speculative to ask these questions. Well, I'm opposing counsel. Okay. I'll reserve the remainder of my time for your questions. Okay. Thank you. Good morning and may it please the court. My name is Dan Cobb and I represent the plaintiff and appellate, Mr. Jeremy Harris. Mr. Harris respectfully asks that this court affirm Chief Judge Melgrim's judgment in the full amount of the jury's verdict, the denial of city cycle's renewed motion for judgment as a matter of law. And this court should affirm Chief Judge Melgrim for two reasons. First, Chief Judge Melgrim correctly ruled that Mr. Harris was allowed to pursue all theories of city cycle service, the representations regarding that service, and Mr. Harris' subsequent accident. And second, Chief Judge Melgrim correctly ruled that there was substantial evidence supporting the jury's verdict in Mr. Harris' favor. This case is about city cycle telling Mr. Harris that his motorcycle was safe to ride, despite the service technician's knowledge and knowledge of what the facts for service are. And for city cycle to look into, rendered the motorcycle into a dangerous condition, especially dangerous for Mr. Harris. Let me ask about the law of the case issue, sir. Did the judge say the law of the case applies here, but under such and such exception to the law of the case, I'm going to allow the KCPA claim to continue? No, your honor. He just said law of the case doesn't apply. Yes, your honor, for a couple of reasons. Okay, but that's contrary to pretty settled law in Kansas and in the federal courts, is it not? Plaintiff disagrees, your honor, for a couple of reasons. First, as Judge Melgrim pointed out, this is a new case. The law of the case doctrine generally applies only to the same case. And the parties, as Judge Phillips pointed out, agreed to jointly dismiss the But at that stage, when it was dismissed, the case had already gone up to on appeal. At that point, before it was appealed, the plaintiff had abandoned the KCPA claim and did not appeal the dropping of that claim. And under Kansas law, it says the law of the case, perhaps also preclusion, bars that claim from being raised again in a Kansas court. Do you disagree with that law? Yes, I disagree. The cases say contrary. What authority do you have for that? First and foremost is that there was a full reversal and remand. And for example, all the cases, including Garcia-Paz, deal with an actual decision on something that wasn't overruled. Go ahead. But that's contrary to... He's got a voluminous bench memo over there. State v. Crenshaw, if an issue could have been raised in the prior appeal but was not raised on that appeal, an appellate court should not consider the issue on a second appeal after remand, even if the issue is not explicitly or implicitly decided on the first appeal. Your Honor, that issue, again, this was a weather-or-night theory of liability, but you assert it in a second successive new claim. And the withdrawal and the mandate rule... My first question is, could it have been raised in Kansas court after remand? And the case law in Kansas suggests no. Then we decide, well, what about starting a new suit in federal court? And that's the second issue. But I want to see if you disagree on the first issue, that if you had pursued this litigation in Kansas, you could not have reinstituted the KCPA claim unless you established some exception to law of the case. Yes, I understand. I apologize, Your Honor. Do you disagree with that? Yes, in this specific circumstance, because there was an unqualified reversal and remand vacating the trial. So the strategies were vacated. So what's the answer? So the appellate court reverses on the claims that are raised. If that happened in this case, and we didn't know a claim had been dropped, we say we reverse and remand for further proceedings, we're not implicitly saying, and everything we didn't consider, you can re-raise again. We would never allow that. And that's contrary to the law I can find regarding federal court. Maybe you have some contrary cases. That's what I'm asking. So in Wheeler versus John Deere, this court talked about how a reversal and remand places the parties in the positions they were prior to trial insofar as relief is concerned. And in this case, the last operative pleading in the state court case was Mr. Harris' first amended petition, which included both negligence and KCPA claims. There was no pretrial order issued. So therefore, it's plaintiff's position that if this case was retrialed, because a retrial is not a replay, that he would have been able to continue to pursue the KCPA claims because the last operative pleading in state court provided for that. Do you have any Kansas authority? Because I'm pretty sure it's Kansas law that will control on this issue. We would have to apply Kansas law regarding the effect of its judgments when the case is filed in federal court under diversity jurisdiction. So do you have any Kansas cases supporting your view of what happens after reversal? Yes, Your Honor. Plaintiffs would suggest that state v. Collier is applicable. Will you spell that for me? I apologize if I mispronounce it. It's C-O-L-L-I-E-R. Okay. And that case discusses a number of doctrines that are applicable here, which is the mandate rule and how the trial court is free to decide all And when you have a general mandate under Kansas law, the parties reverse back again to the last operative pleading and the trial court. So the state court in this case would have been able to consider again the KCPA claims at issue again in the state court. Thanks. Did state v. Collier by any chance involve the claim that had been abandoned on the first appeal and then they tried to raise it on the second appeal afterwards? No, Your Honor. And plaintiffs suggest that he hasn't been able to find any Kansas-specific law on this issue, on these unique circumstances. The only case within this district that plaintiff has been able to find on this issue is the Hagen case in which there was a similar circumstance where there was a state court case. It was tried. Certain theories of liability were withdrawn and not submitted to the jury. That trial was vacated over rule on appeal. And then the parties jointly dismissed. And under the Oklahoma savings statute, the plaintiff in that case refiled the federal court. Then a similar motion to dismiss was filed where the defendant argued that the theories of liability that were not submitted to the jury were precluded. He couldn't assert those or pursue those in the new federal court case. I want to keep it within one state to start with and then we can decide how that affects the federal case. But are you familiar with State v. Perry in the 2017 Kansas Supreme Court case? Here's a quote from that. Our case law notes, law of the case, applies not only to matters actually decided in prior proceedings, but also to matters for which the party failed to seek review in a prior proceeding. That sure seems to say that in this case, the KCPA claim would be barred by law of the case after the appeal. And your honor, I would point the court to the State v. Polio opinion for two reasons. First, State v. Polio says that the law of the case is only sparingly applied in Kansas. And second, it's discretionary and that the trial court is allowed to deviate from the law of the case. So even if we are... For reasons. For reasons. For reasons. Yes. And that's why I asked at the outset whether the judge here said that he recognized his law of the case, but he thought under an exception, he would allow the claim to be brought. And apparently the judge just rejected the application of law of the case. That's my understanding of Chief Judge Milgram's opinion, your honor, is that he rejected it for multiple grounds. And one of which was discussing the discretionary nature of the law of the case under Kansas law, side with the Polio opinion, and that he had the discretion to deviate that for a number of reasons. Help me out with a little bit of history on your case. So go back to when you first filed all your claims and at that point you have a KCPA claim pled. How did you abandon it? How did it come that you didn't proceed on that claim? So candidly, your honor, in 2018, I was still in law school and actually, okay, Mr. McAllister, I was taking civil rights action. So I'm not in the best position to say exactly why, but it is my understanding there was a number of different issues based on how the trial went, how the evidence came in, which ultimately led to trial counsel not submitting those issues. Okay, so after the evidence went on, trial counsel chose to not ask for an instruction on the KCPA issues. That's my understanding. Okay, all right. In law school. I was just trying to figure out what happened. Okay, all right. And to that point, again, retrial is not replay. Neither party had to go and do the exact same thing. Like in a football game, you get a penalty and it's first down again, you don't have to run the exact same play. And we didn't have to do that. The parties didn't have to present the same evidence and that's not what happened. Right. But what I'm concerned about is that Judge Hartz was asking you questions earlier about, well, you know, this case went up on appeal and if you didn't bring it up on appeal and it's remanded, you don't get a second bite at the apple when it goes back down to Kansas State Court. And this, your position seems to me like it could result in sort of abusive tactics. I get through to the jury. I have a number of claims. I make a strategic decision not to go forward on the KCPA claim. And then there's an appeal. Well, my KCPA was never, of course, I'm not going to appeal that because I didn't go forward on it. And then, but you can later come back under your position and say, well, look, the case got reversed and everything else is back on the table, even though I made a conscious decision not to put this one at issue and let, I mean, who knows? I mean, what the appellate court would have done if you would have asked for an instruction, lost, and then gone up on appeal. Correct. And I think this is a unique situation. And again, I think that may implicate the saving statute. And why that's important here is that this is a saved action. The state court case, CityCycle agreed to jointly dismiss without prejudice the state court case. And under binding Kansas law under the Seaborne case, the saving statute is liberally construed to allow a party to assert theories of liability, all theories of liability that arise out of the common transactional approach of the facts and circumstances. So is it your position that CityCycle could have protected itself by saying to the court, looks like they've abandoned that claim, would you please dismiss it? And that's the only way it could protect itself? Not necessarily, Your Honor. And further, plaintiff would suggest that, again, the overruling and vacating of the entire trial court proceedings would wipe away any type of decision there. Would that have done it? If the district court had said, I noticed that you haven't brought anything to me about your KCPA, I guess that's out the door. I'm going to dismiss it unless I hear an objection. No objection. Dismissed. Are we still here? Yes, Your Honor, because that would constitute a final decision on merits. And I think that one of the things it's telling about CityCycle's arguments is it talks about a final decision in the Kansas law. Well, it was because you had to have a final judgment to get an appeal, didn't you? Yes, Your Honor. And so the district court in Judge Phillips' hypothetical says, oh, we're going to dismiss that one and you don't appeal. The Kansas Court of Appeals rules on your case reverses and remands, but your issue was final and fully decided because you chose not to appeal the KCPA. Your Honor, I think that the hypothetical is materially distinguishable because that wasn't raised and it wasn't addressed by that court. Here, again, we have no decision and no court in the state court case considered the merits of Harris' KCPA claims. In that circumstance, we may have appealed differently in the state court case. Again, I'm not in the best position to apply to that. And I see that my time is running short, and I'd like to briefly address the causation issue. And I'd like to address that CityCycle, they cite to rely on the Mays case in Kansas law to say that a plaintiff is required to provide circumstantial evidence that negates all other possible causes. And plaintiffs suggest that that's inapposite and inapplicable here because the specific issue in the Mays case was a strict products liability case where a plaintiff asserted a nonspecific defect, where there was this pipe that exploded and no one could say, well, this is what was wrong with the pipe. Here, we have an expert who testified specifically that the pinched wire caused the ABS issues. And then, as Judge Hart pointed out, plaintiff's position is that McCracken's opinion that specifically that pinched wire was present during the service event was excluded. We should have had that, but there was still ample circumstantial evidence. Most importantly, CityCycle's documentation, their repair order saying that the ABS light was on during the service event, and also Dean Mize's testimony that he knew that the undiagnosed ABS issue was a dangerous condition. Do you have a site for Wheeler? I don't see that cited in the brief. And it is 935 Federal Reporter, 2nd Edition at 1096. Thank you. Thank you, Your Honors. Well, I had a question that I asked opposing counsel. When the judge wouldn't allow your experts to testify that the defect was present when their client serviced the motorcycle, the judge said, but you can ask these questions. Were those questions asked? I believe so, Your Honor, insofar as was the pinched wire what caused the accident, which is yes. And then, could the accident have caused the pinched wire? Yeah, that's clear. But he was suggesting some other questions, and I'm not sure we have the entire transcript of the expert's testimony in the record. Do we have all the transcript? I believe so, Your Honor. I printed it out, and I can look into it if you want me to. But we believe that all of those questions were answered, that Judge Meldrum specifically allowed us to. And further, Judge Meldrum allowed juror questions, and one of the jurors even asked if the pinched wire could have occurred during manufacture, and plaintiff's expert McCracken testified that it likely could have resulted from the manufacture, which would be further evidence. Thank you. Thank you, Your Honor. So, to be clear, Harris's position is that he should be better off because he stayed silent on his KCK clientele appeal, and had he raised him on appeal. Because had he raised him on appeal, there's no question that the Kansas Court of Appeals would have said, no, we're not reversing and remanding on claims you abandoned, because Kansas appellate courts simply do not entertain abandoned claims on appeal. So it would have said, yes, we're reversing and remanding on your negligence claim due to a fair default instruction, but your abandoned KCK claims are going to remain just that, abandoned and not remanded. And so Harris could not be put in a better position just because he chose to stay silent on raising those claims on appeal. If there are no further questions, that's all I have. Thank you. Thanks. What was the 25% about? Oh, okay. So on the 25%, the jury apportioned 25% fault to Harris on his negligence claim. It did not apportion any fault because it wasn't allowed to apportion fault on the KCK claims. But what was the argument? Why 25%? As to his fault, I believe it had to do with Harris not seeking a second opinion or taking the motorcycle back to city cycle. Okay. Thanks. Thank you. Thank you, counsel. Case is submitted. Counselor excused.